IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TYE BAXTER**                                                                                   **PLAINTIFF**

v.                             No. 3:21-cv-241-DPM

**SHAWN STEPHENS, Independence
County Serifff, in his Individual and
Official Capacity; AARON MOODY,
Independence County Chief Deputy
Sheriff, in his Individual and Official
Capacity; and INDEPENDENCE COUNTY**                  **DEFENDANTS**

**ORDER**

    **1.**    Baxter's motion, *Doc. 38*, is denied. The Court was unambiguous in its 7 August 2023 Order that the defendants were entitled to depose Baxter by 31 August 2023. The defendants gave him three dates to choose from; but he didn't pick one. Baxter's contention that he could only be deposed on weekends due to his participation in ALETA is unsupported.

    **2.**    Baxter's motion, *Doc. 41*, is denied as moot.

    **3.**    Baxter's motion to dismiss, *Doc. 43*, is granted as modified. It's unclear why Baxter seeks a voluntary dismissal now, but his timing is illustrative. The Court ordered him to sit for his deposition by 31 August 2023 or risk further sanctions. He didn't. And the Court won't grant a voluntary dismissal "merely to escape an adverse

decision." *Mullen v. Heinkel Filtering Systems, Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). The Court also won't grant a voluntary dismissal where doing so would harm the defendants. *Paulucci v. City of Duluth*, 826 F.2d 780, 782-83 (8th Cir. 1987). They have dedicated considerable time and resources to Baxter's case—chiefly, on his one-sided discovery disputes, motions, and unwillingness to comply with Court Orders. A voluntary dismissal now on Baxter's proposed condition that each side bear their own fees and costs would not be fair. *Paulucci*, 826 F.2d at 783. Weighing all the factors, Baxter's case will be dismissed without prejudice on conditions. Fed. R. Civ. P. 41(a)(2); *Blaes v. Johnson & Johnson*, 858 F.3d 508, 516 (8th Cir. 2017).

**4.** Baxter's motion for a hearing, *Doc. 45*, is denied. The Court has sufficient information from the many filings to decide his motion on the papers. And the press of criminal matters and trials means that no hearing could likely be held until after the first of the year. More delay would not be helpful.

**5.** Baxter's lawyers must pay defendants' lawyers the $1,000 sanction previously imposed, and certify payment, by 17 November 2023. Defense counsel must certify all attorney's fees and expenses incurred since the Court's August 7th Order, *Doc. 33*, by the same date. Baxter's case will be dismissed without prejudice thereafter on these conditions:

–2–

- Within thirty days of refiling his case, he must pay the reasonable attorney's fee and expenses the Court intends to impose for the sunk cost of recent work by defense counsel; and
- All discovery conducted in this case must be used in any refiled case and not duplicated.

The Court declines to impose the defendants' requested condition of no additional depositions.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 October 2023