## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**TYE BAXTER**                                                                    **PLAINTIFF**

**v.**                          **No. 3:21-cv-241-DPM**

**SHAWN STEPHENS, Independence**
**County Sherifff, in his Individual and**
**Official Capacity;  AARON MOODY,**
**Independence County Chief Deputy**
**Sheriff, in his Individual and Official**
**Capacity;  and INDEPENDENCE COUNTY**                    **DEFENDANTS**

### ORDER

1.      The Court has benefited from defense counsel's itemized bill, *Doc. 51*.  Defense counsel certified that the defendants incurred a total of $2,299 in attorney's fees from August 2023 until October 2023. The Court has done the math, and this total breaks down to a rate of $190/hour for 12.1 hours worked.   This is a reasonable rate in the Eastern District of Arkansas for this kind of work.  *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).

2.      Baxter opposes defense counsel's certified fees.   *Doc. 52*. He says the certification violates Local Rule 54.1 because no supporting affidavits were attached.   He also argues that the certification was untimely under that rule.   His reliance on Local Rule 54.1, however, is misplaced.

First, Local Rule 54.1's affidavit-requirement contemplates a motion for attorney's fees made "after the entry of judgment or an order of dismissal under circumstances permitting the allowance of attorney's fees." Local Rule 54.1(a); *see also Doc. 54* in *Regency Hospital Co. of Northwest Arkansas, LLC. v. Arkansas Blue Cross & Blue Shield*, Case No. 4:08-cv-4177-GTE, (E.D. Ark. 8 February 2011). The Court hasn't entered judgment or a final order of dismissal. It has only placed a condition on Baxter's own motion to dismiss. *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995). The certification and itemized bill are sufficient to determine the reasonableness of defense counsel's attorney's fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433-40 (1983).

Second, defense counsel complied with the Court's deadlines for certifying attorney's fees. The Court didn't request an itemized bill until its 20 November 2023 Order. And it's nevertheless within the Court's discretion to consider an untimely application for attorney's fees. *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992).

\*      \*      \*

Having reviewed defense counsel's itemized bill and determined the lodestar calculations, the Court finds $2,299 to be the reasonable attorney's fee for the defense counsel's work since the Court's 7 August 2023 Order. Baxter's case will be dismissed without prejudice on the conditions in the Court's 19 October 2023 Order.

So Ordered.

_DP Marshall Jr._

D.P. Marshall Jr.
United States District Judge

15 December 2023